UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KARL A. FLEMING, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA DEPARTMENT OF CORRECTION *et al.*, <br><br> Defendants. | CAUSE NO. 3:19-CV-646-DRL-MGG |

OPINION & ORDER

Karl A. Fleming, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983 alleging constitutional violations stemming from a conduct report he claims was false.[1] ECF 4. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial

---

[1] Mr. Fleming originally filed a complaint containing four groups of unrelated claims. ECF 2. The court granted him leave to file an amended complaint containing only related claims. ECF 3. He promptly filed an amended complaint and then proceeded to file several "affidavits" purporting to add to his amended complaint. ECF 5, 6, 10, 12, 13-15, 26. In response, the court set a deadline for him to file a second amended complaint containing any additional claims he wished to raise, and cautioned him that if he did not file a new complaint by the deadline, the court would proceed to screen the complaint that was already on file. ECF 29. The deadline passed on November 23, 2020, and Mr. Fleming did not file a new complaint.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 602 (quotation marks and citation omitted). Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

The events underlying Mr. Fleming's complaint stem from what he alleges was a false conduct report written by Corrections Officer Jane Reed. ECF 4 at 3. She wrote him up for committing "Sexual Conduct" in violation of the prison disciplinary code, but he claims she was the one flirting with him and acting inappropriately. *Id.* The day after the conduct report was written, Mr. Fleming lost his job as a machine operator in the pallet shop, and his ongoing attempts to get that job back have been unsuccessful. *Id.* at 4-5. After a disciplinary hearing, Mr. Fleming was found guilty of the violation. He contends, though, that his (unspecified) mental illness should have absolved him of responsibility for the conduct report and also denies that he pleaded guilty to the offense as the hearing officer claimed.

The court construes Mr. Fleming's complaint to allege due process violations stemming from the disciplinary proceeding.[2] However, the complaint does not allege a plausible due process violation. A prisoner challenging a prison disciplinary hearing must first establish that he was denied a protected liberty or property interest. *Scruggs v.*

---

[2] Mr. Fleming's punishment did not involve earned time credits or otherwise affect the duration of his custody. *See Fleming v. Warden*, No. 3:19-cv-560-JD-MGG (N.D. Ind. filed Nov. 26, 2019) (dismissing Mr. Fleming's habeas petition because he did not lose earned credit time and was not demoted in credit class). He thus may proceed under § 1983. *See Savory v. Cannon*, 947 F.3d 409, 423 (7th Cir. 2020) (en banc); *Bunn v. Conley*, 309 F.3d 1002, 1008 (7th Cir. 2002).

*Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Here, the only negative impact of the disciplinary hearing Mr. Fleming mentions is the loss of his job, but he had no liberty interest in his prison job. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated in part on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). That consequence alone cannot support a due process claim stemming from the disciplinary proceeding.

Mr. Fleming also seeks to get his job back. ECF 4 at 9. He says his caseworker promised him that if he successfully completed a second chance program called "Provident Men," he would get his old job back. *Id.* at 5. He contends that he successfully completed the program but never got his job back. *Id.* This does not allege a plausible claim under § 1983. To state a claim under § 1983, Mr. Fleming must allege (1) that he was deprived of a federal right (2) by someone acting under color of state law. *Hanson v. LeVan*, 967 F.3d 584, 597 (7th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). But he had no protected due process right to his prison job. *DeWalt*, 224 F.3d at 613. His allegations that he was treated unfairly don't state a viable constitutional claim.

Mr. Fleming also claims that he filed a report about Officer Reed's conduct under the Prison Rape Elimination Act (PREA), 34 U.C.S. § 30301, *et seq.*, but his report was mishandled. ECF 4 at 3-4. It is unclear, though, whether he is alleging that his PREA report was ignored or that the investigation took too long. *Id.* at 3-4, 6. Under either scenario, he cannot state a claim for relief because PREA does not provide a private right of action. *See Sims v. Doe*, No. 1:18-cv-2394-TWP-MPB, 2018 WL 4027632, 2 (S.D. Ind. Aug. 22, 2018) (collecting cases). Similarly, prison staff's failure to follow internal policies pertaining to PREA reports does not state a claim under § 1983. *See Scott v. Edinburg*, 346

F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, his allegations about PREA don't state a plausible claim for relief.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Fleming to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS Karl A. Fleming leave to file an amended complaint by **January 29, 2021**; and

(2) CAUTIONS Fleming that if he does not file an amended complaint by the deadline, this case will be dismissed under 28 U.S.C. § 1915A because the current complaint fails to state a claim.

SO ORDERED.

December 21, 2020                             *s/ Damon R. Leichty*
                                              Judge, United States District Court